## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, BECHTEL TELECOMMUNICATIONS, BECHTEL CORP., AT&T WIRELESS SERVICE, INC., and AT&T WIRELESS SERVICES OF NEW JERSEY, INC. | : : : : : : : : | Civil Action No. |
| Plaintiffs, | : : | |
| vs. | : : | |
| THE TRAVELERS INDEMNITY COMPANY OF AMERICA, ST. PAUL SURPLUS LINES, INSURANCE COMPANY and BARAN TELECOM, INC. f/k/a O2 WIRELESS SOLUTIONS, INC. d/b/a O2 WIRELESS, INC. | : : : : : : | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| Defendants. | : : | |

National Union Fire Insurance Company Of Pittsburgh, P.A. ("National Union"), Bechtel Telecommunications, Bechtel Corp., AT&T Wireless Service, Inc., AT&T Wireless Services of New Jersey, Inc., complain of the defendants as follows:

### Parties, Jurisdiction and Venue

1.      Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1).

2.      Plaintiff National Union is a corporation organized under the laws of New York with its principal place of business located at 70 Pine Street, New York, New York, 10038.

3.      Plaintiff Bechtel Telecommunications is a corporation organized under the laws of Nevada, whose headquarters are located at 50 Beale Street, San Francisco, California, and

which maintains an office for the conduct of business at 87 West Passaic Street, Rochelle Park, New Jersey, 07662.

4.     Plaintiff Bechtel Corporation is a corporation organized under the laws of Nevada, whose headquarters are located at 50 Beale Street, San Francisco, Californian, and which maintains an office for the conduct of business at 3 University Plaza Drive, Suite 430, Hackensack New Jersey, 07601.

5.     Plaintiff AT&T Wireless Service, Inc. is a corporation organized under the laws of Delaware, whose headquarters are located at 7277 164th Street Avenue NE, Building, Redmond, Washington, and which maintains an office for the conduct of business at 15 East Midland Avenue, Paramus, New Jersey, 07652.

6.     Plaintiff AT&T Wireless Services Of New Jersey, Inc. is a New Jersey Corporation, whose headquarters are located at 7277 164th Avenue, Building 1, Redmond Washington, and which maintains an office for the conduct of business at 15 East Midland Avenue, Paramus, New Jersey.

7.     Defendant The Travelers Indemnity Company Of America ("Travelers") is a corporation organized under the laws of Connecticut, with a principal place of business located at One Tower Square, Hartford, Connecticut, 06183, and which is authorized to conduct business in the State of New Jersey.

8.     Defendant St. Paul Surplus Lines Insurance Company ("St. Paul") is a corporation organized under the laws of Connecticut, with a principal place of business located at One Tower Square, Hartford, Connecticut, 06183, and which is authorized to conduct business in the State of New Jersey.

9.     Defendant O2 Wireless Solutions, Inc. was a corporation organized under the laws of Georgia, whose headquarters were located at 440 Interstate North Parkway, Atlanta,

Georgia, and which maintained an office for the conduct of business at 15 Just Road, Fairfield, New Jersey.

10.    In November 2002, Baran Group Ltd. completed an acquisition of defendant O2 Wireless Solutions, Inc., which acquisition was structured as a merger and the surviving entity, Baran Telecom, Inc. is the successor in interest to defendant O2 Wireless Solutions, Inc.

11.    Upon information and belief, defendant Baran Telecom, Inc, is a corporation organized under the laws of Georgia, whose headquarters are located at 2355 Industrial Park Boulevard, Cummings, Georgia. O2 Wireless Solutions, Inc. and Baran are hereinafter collectively referred to as "O2 Wireless."

12.    Plaintiffs bring this action to obtain a declaratory judgment pursuant to 28 U.S.C. § 2201 and 2202, and N.J.S.A. § 2A:16-50 to -62, that Travelers and St. Paul are obligated to defend and pay on behalf of Bechtel Telecommunications and Bechtel Corporation (collectively "Bechtel") and AT&T Wireless Services, Inc. and AT&T Wireless Services of New Jersey, Inc. (collectively "AT&T") for certain bodily injury claims, including wrongful death, asserted by the survivors and estate of William Todd, an employee of O2 Wireless, in the United States District Court for the District of New Jersey. Alternatively, plaintiffs seek damages from O2 Wireless for breach of contract for failure to provide insurance to Bechtel and AT&T for the subject claims.

13.    Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between plaintiffs and defendants; and (b) the amount in controversy, including the potential costs of both defending and indemnifying Bechtel and AT&T substantially exceeds $75,000.

14.    Venue is appropriate under 28 U.S.C. § 1391 because many of the acts which form the basis of this action occurred in the District of New Jersey.

## Summary of Facts

15.    At all relevant times, AT&T was the owner of certain premises located along the Garden State Parkway, in Montvale, New Jersey, which compromise the "Montvale Rest Stop."

16.    Bechtel was the contractor for AT&T with respect to the construction of certain telecommunication Base Transmission Stations or Cell Sites at certain locations including the Montvale Rest Stop.

17.    O2 Wireless entered into a certain contract dated March 12, 2002 ("the Cell Site Contract") with Bechtel, which provided, among other things, that O2 Wireless would plan and construct the telecommunication Base Transmission Station at the Montvale Rest Stop.

18.    The Cell Site Contract also provided that O2 Wireless agreed to do the following:

(a)    Provide and maintain comprehensive general liability coverage (and other coverages) with a $2,000,000 combined single per occurrence limit of liability for bodily injury and property damage, or a combination of primary and excess or umbrella coverage with combined limits of $2,000,000;

(b)    Name Bechtel and AT&T as additional insureds under the aforesaid general liability policy(ies) for liability arising out of O2 Wireless' operations for Bechtel and AT&T;

(c)    Include in the general liability policy ISO form CG 20 10 10 93 and an Insurer's waiver of subrogation in favor of the Additional Insureds; and

(d)    Provide that the aforesaid additional insured coverage be primary as regards any other coverage maintained for or by the Additional Insureds.

19.    Travelers issued a general liability policy of insurance numbered VTJCO647D164A01 to O2 Wireless Solutions, Inc., in Atlanta, Georgia (the "Travelers policy"). The Travelers policy was in force from December 1, 2001, to December 2, 2002, and

affords liability insurance for "bodily injury" with limits of liability of $1,000,000 per occurrence. A copy of said policy is attached hereto and made a part hereof as **Exhibit A**.

20.     Upon information and belief, St. Paul issued an excess liability policy No. QY05506023 for the period December 1, 2001, through December 1, 2002, with a limit of liability of $10,000,000 excess of the limits afforded under the Travelers policy (the "St. Paul excess policy").

21.     On or about April 23, 2002, a Certificate of Insurance was issued by Welsh, Flatness, & Lutz, Inc. of Saint Louis Missouri, to Bechtel certifying that the coverages noted above had been placed with Travelers and St. Paul and that Bechtel and AT&T were additional insureds on the said policies with respect to the Cell Site Contract operations at the Montvale Rest Stop. A copy of said certificate of insurance is attached hereto and made a part hereof as **Exhibit B**.

22.     National Union issued comprehensive liability insurance policy No. GL 9331874, to Bechtel for the period April 1, 2002, to April 1, 2003, which included AT&T as an additional insured with respect to the subject Cell Site.

23.     On or about May 13, 2004, Cathy Todd and William Todd instituted suit in the United States District Court, District of New Jersey, individually and on behalf of Samantha Rae Todd, an infant, and the Estate of William D. Todd, deceased, in the matter of *Todd, et. al. v. Bechtel Communications, Bechtel Corporation, AT&T Wireless Services, Inc., AT&T Wireless Services of New Jersey and O2 Wireless Solutions, Inc.*, No. 04-2119 (JCL)("the Underlying Action"). A copy of said Amended Complaint is attached hereto and made a part of this complaint as **Exhibit C**.

24.     The complaint in the Underlying Action alleges in sum and substance that the plaintiffs' decedent was an employee of O2 Wireless on May 10, 2002, when he fell from a

cellular tower at the Montvale Rest Stop and suffered injuries and died on May 17, 2002.

25.    The claims asserted against Bechtel and AT&T in the Underlying Action arise out of the work performed for them by O2 Wireless pursuant to the Cell Site Contract.

26.    Plaintiffs have made written demands to the defendants to defend and pay on their behalf in the Underlying Action in accordance with the Cell Site Contract and the terms and conditions of the Travelers policy and the St. Paul excess policy pursuant to which they are additional insureds.

27.    Despite such written demands, the defendants have repeatedly refused to defend and indemnify Bechtel and AT&T for the Underlying Action.

28.    Plaintiffs have complied with all terms and conditions of the Travelers policy and the St. Paul policy.

29.    An actual controversy exists between the plaintiffs and the defendants in that the plaintiffs have demanded a defense and indemnification from the defendants and the defendants have refused and otherwise failed to respond and acknowledge their obligation to provide such defense and indemnification.

## COUNT ONE
### (Defendants Travelers and St. Paul)
### (Declaratory Judgment Pursuant to 28 U.S.C. § 2201 and 2202)

30.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 29 as if set forth at length herein.

31.    This claim for declaratory relief is brought under 28 U.S.C. § 2201 and 2202.

32.    Bechtel and AT&T are additional insureds under the Travelers policy with respect to the claims asserted against them which arise out of work performed for them by O2 Wireless pursuant to the Cell Site Contract.

{00250498; 1}                                6

33.     Bechtel and AT&T are additional insureds under the St. Paul excess policy with respect to the claims asserted against them which arise out of work performed for them by O2 Wireless pursuant to the Cell Site Contract.

34.     The Travelers policy and St. Paul excess policy were in full force and effect on the date of the accident alleged in the Underlying Action.

35.     The insurance afforded under the Travelers Primary policy and St. Paul excess policy is applicable to the claims asserted in the Underlying Action.

36.     Travelers is obligated to defend and pay on behalf of Bechtel and AT&T for the claims asserted against them in the underlying action pursuant to the Travelers policy.

37.     St. Paul is obligated to pay on behalf of Bechtel and AT&T for the claims asserted against them in the Underlying Action  pursuant to the St. Paul excess policy.

38.     Travelers' and St. Paul's refusal to defend and/or pay on behalf of Bechtel and AT&T for the Underlying Action is without basis under the terms of their policies.

39.     Plaintiffs are entitled to judgment declaring that Travelers and St. Paul must defend and/or pay on behalf of Bechtel and AT&T for the claims asserted in the Underlying Action.

WHEREFORE, plaintiffs seek judgment of the Court declaring that:

a.     The claims asserted against them in the Underlying Action are covered by the terms and conditions of the Travelers policy and St. Paul excess policy;

b.     Travelers is obligated to defend and pay on behalf of Bechtel and AT&T for the claims asserted in the Underlying Action;

c.     St. Paul is obligated to pay on behalf of Bechtel and AT&T for the claims asserted in the Underlying Action  pursuant to the St. Paul excess policy;

d.     For an award of attorneys fees, costs and expenses; and

{00250498; 1}                                              7

e.      For such other and further relief as this Court deems just and proper.

## COUNT TWO
### (Defendants Travelers and St. Paul)
### (Declaratory Judgment Pursuant to N.J.S.A. § 2A:16-50 to -62)

40.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 39
as if set forth at length herein.

41.     This claim for declaratory relief is brought under N.J.S.A. § 2A:16-50 to -62.

42.     Bechtel and AT&T are additional insureds under the Travelers policy with respect
to the claims asserted against them which arise out of work performed for them by O2 Wireless
pursuant to the Cell Site Contract.

43.     Bechtel and AT&T are additional insureds under the St. Paul excess policy with
respect to the claims asserted against them which arise out of work performed for them by O2
Wireless pursuant to the Cell Site Contract.

44.     The Travelers policy and St. Paul excess policy were in full force and effect on
the date of the accident alleged in the Underlying Action.

45.     The insurance afforded under the Travelers Primary policy and St. Paul excess
policy is applicable to the claims asserted in the Underlying Action.

46.     Travelers is obligated to defend and pay on behalf of Bechtel and AT&T for the
claims asserted against them in the underlying action pursuant to the Travelers policy.

47.     St. Paul is obligated to pay on behalf of Bechtel and AT&T for the claims asserted
against them in the Underlying Action  pursuant to the St. Paul excess policy.

48.     Travelers' and St. Paul's refusal to defend and/or pay on behalf of Bechtel and
AT&T for the Underlying Action is without basis under the terms of their policies.

49.     Plaintiffs are entitled to judgment declaring that Travelers and St. Paul must

defend and/or pay on behalf of Bechtel and AT&T for the claims asserted in the Underlying Action.

WHEREFORE, plaintiffs seek judgment of the Court declaring that:

f.      The claims asserted against them in the Underlying Action are covered by the terms and conditions of the Travelers policy and St. Paul excess policy;

g.      Travelers is obligated to defend and pay on behalf of Bechtel and AT&T for the claims asserted in the Underlying Action;

h.      St. Paul is obligated to pay on behalf of Bechtel and AT&T for the claims asserted in the Underlying Action pursuant to the St. Paul excess policy;

i.      For an award of attorneys fees, costs and expenses; and

j.      For such other and further relief as this Court deems just and proper.

## COUNT THREE
### (Defendants Travelers and St. Paul)
### (Subrogation)

50.     National Union repeats and realleges the allegations contained in paragraphs 1 through 49 as if set forth at length herein.

51.     National Union has demanded that Travelers assume its responsibilities and obligations under the Travelers policy to its insureds, Bechtel and AT&T, and Travelers has wrongfully failed or refused to assume the defense of Bechtel and AT&T and has otherwise failed to perform, or failed to agree to perform or otherwise acknowledge its obligations as insurer to Bechtel and AT&T.

52.     The conduct of Travelers in failing or refusing to defend or pay on behalf of Bechtel and AT&T was wrongful and in violation of its policy obligations and to the damage and detriment of National Union.

{00250498; 1}                                    9

53.     As a result of Travelers' wrongful refusal to honor or acknowledge its obligations, National Union has been forced to incur and continues to incur costs to defend and/or pay on behalf of Bechtel and AT&T.

54.     National Union is subrogated as a matter of contract, law and/or equity to the rights of Bechtel and AT&T to pursue all rights and remedies available to them as insureds under the Travelers policy with respect to Travelers' refusal or failure to discharge its contractual obligations under the Travelers policy with respect to the Underlying Action

55.     National Union as excess insurer is entitled to indemnification from Travelers for all costs and expenses incurred in the defense of the Underlying Action and any and all monies expended by it for any settlement or judgment.

WHEREFORE, National Union demands judgment against Travelers for:

a.     Reimbursement of all costs, expenses, and attorney's fees paid by National Union on behalf of Bechtel and AT&T in connection with the Underlying Action;

b.     Reimbursement for all monies paid or to be paid for any settlement or judgment;

c.     For an award of attorneys fees, costs and expenses; and

d.     For such other and further relief as this Court deems just and proper.

### COUNT FOUR
### (Defendant O2 Wireless)
### (Breach Of Contract)

56.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 55 as if set forth herein at length.

57.     Pursuant to the Cell Site Contract, O2 Wireless agreed to provide and maintain certain comprehensive general liability coverages and name Bechtel and AT&T as additional

insureds under such general liability coverage for liability arising out of O2 Wireless' operations for Bechtel and AT&T.

58.    O2 Wireless has breached its agreement with Bechtel and AT&T under the Cell Site Contract in that it has failed to procure the subject insurance and failed to name Bechtel and AT&T as additional insureds.

WHEREFORE plaintiffs pray that judgment be entered in its favor and against O2 Wireless:

a.    For the cost of all attorney's fees, expenses and costs incurred in defending Bechtel and AT&T as well as the cost of any and all judgments and settlements entered against Bechtel and AT&T;

b.    For the costs and disbursements of this action; and

c.    For such other and further relief as it deems proper under the evidence and circumstances.

SCHWARTZ SIMON EDELSTEIN
CELSO & KESSLER, LLP
Attorneys for Plaintiffs

By:    MICHAEL H. COHEN
          (MHC8549)

Dated: January 27, 2006

## CERTIFICATION

Pursuant to Local Rule 11.2, I hereby certify that the matter in controversy is not the subject of any other action pending in any other court or arbitration proceeding. To the best of my knowledge and belief, no other action or arbitration proceeding is contemplated and no other parties should be joined in the above action. However, this insurance coverage matter is related to the personal injury case of *Todd, et. al. v. Bechtel Communications*, et. al. (04-cv-2119 (JCL)).

SCHWARTZ SIMON EDELSTEIN
CELSO & KESSLER, LLP
Attorneys for Plaintiffs

By:  _____
MICHAEL H. COHEN
(MHC8549)

Dated: January 27, 2006